NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RASHAUN BARKLEY, : | |
| : | Civil No. 06-300 (AET) |
| Plaintiff, : | |
| : | |
| v.   : | **MEMORANDUM AND ORDER** |
| : | |
| RONALD CATHEL, : | |
| : | |
| Defendant. : | |
| : | |

THOMPSON, U.S.D.J.

I. Introduction

This matter comes before the Court on Plaintiff's motion to vacate the Court's Order Dismissing Plaintiff's case. The Court has decided this motion based upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion to vacate is denied.

II. Background

Plaintiff, a pro se, is a prisoner incarcerated at the New Jersey State Prison ("NJSP"), and housed in the Management Control Unit ("MCU").[1] On January 23, 2006, Plaintiff filed a complaint in this Court, claiming violations of his Due Process rights under the Fourteen Amendment, under 42 U.S.C. § 1983, because Defendant allegedly "denied [Plaintiff] release

---

[1] The MCU is a unit where an inmate is assigned if he is considered to pose a substantial threat to the safety of others, damage to or destruction of property, or of disrupting the prison's operations. N.J.A.C. 10A:5-3(3).

from the [MCU] and continues [his] pla[c]ement without justificaiton." (Compl.¶ 4(b).) On October 10, 2006, the Court granted Defendant's motion to dismiss and denied Defendant's motion for summary judgment as moot, as the Court found "the transfer of the Plaintiff to the MCU did not implicate a protected liberty interest." See, e.g., Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002).

### III. Discussion

Plaintiff now moves to reopen the case pursuant to Fed. R. Civ. P. 60(a) and 60(b)[2], asserting that; (1) the Court committed a procedural error by granting Defendant's motion to dismiss, but denying Defendant's motion for summary judgment; and (2) the Court misconstrued Plaintiff's Complaint. The first basis is without merit. Defendant's summary judgment was denied as moot because the Court determined that Plaintiff's claim was not legally cognizable, therefore addressing the materiality of any factual issues raised by the summary judgment motion was unnecessary. Such rulings are routinely done, and there was no error.

Regarding the second issue, Plaintiff states that Defendant "has systematically denied petitioner['s] release from the MCU without presenting a thread of evidence that he poses a threat to the operation of the correctional facility. . . . [The C]ourt has not . . . addressed that portion of [Plaintiff's] claim." (Pl.'s Br. 4.) Plaintiff complains that "his continued placement is unwarranted and atypical because petitioners criminal and institutional history is no different than the average inmate serving time . . . ." (Compl. Attach. 1.) Plaintiff alleges he has been

---

[2] Fed. R. Civ. P. 60(a) states "[c]lerical mistakes in judgment, orders or other parts of the records and errors therein arising from oversight or omission may be corrected by the court at any time . . . ." Fed. R. Civ. P. 60(b) states in pertinent part that the Court may relieve a party from final judgment for "mistake, inadvertence, surprise or excusable neglect . . . ."

housed at the MCU since May 2002, following a disciplinary hearing where he was represented by counsel, presented his defense to the disciplinary charges, but was nonetheless placed at the MCU.  (Compl. Attach. 2.)  Plaintiff complains that at his most recent MCU placement review in October 2005, he was denied release again, although he alleges "he complied with the criteria of the [MCU] by participating in the required programs . . . . [and] received positive reports from [his] housing officers, psychologist, social workers and the like." (Id.).

Assessing Plaintiff's claim requires the Court to first examine whether Plaintiff was deprived of a liberty or property interest that is protected by Due Process.  Fuentes v. Shevin, 407 U.S. 67 (1972).  If Plaintiff was not deprived of such an interest then the analysis ends, and a Due Process claim may not proceed.  If a liberty interest exists then the Court must determine what process is due or required– the issue which Plaintiff claims the Court incorrectly failed to address in its October 10, 2006 Order.  Morrissey v. Brewer, 408 U.S. 471 (1972).

The Supreme Court has stated that "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner.  Sandin v. Conner, 515 U.S. 472, 483-484 (1995).  Further, the Third Circuit and several District Courts within this circuit have held that "administrative segregation" such as placement in the MCU "[are] the sort[s] of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)); Fraise v. Terhune, 283 F.3d 506, 522-23 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir.2000) (stating that "that placement in administrative confinement will generally not create a liberty interest"); Bowman v. Ricci, No. 07-2610, 2007 WL 2080066, at *2 (D.N.J. Jul. 17, 2007) (dismissing the plaintiff's § 1983 claim

based on confinement in the MCU for fifteen years, because "Plaintiff's housing at the MCU does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life in New Jersey, and Plaintiff has no state created liberty interest in avoiding such confinement"). "A convicted inmate such as Plaintiff has no liberty interest arising by force of the Due Process Clause itself in remaining in the general population." Bowman, 2007 WL 2080066, at *2; see also Lepiscopo v. Harvey, No. 06-3207, 2006 WL 2403903, at *3 (D.N.J. Aug. 18, 2006) (finding confinement in the MCU for over ten years did not implicate Plaintiff's Due Process rights). The MCU, although it is "less amenable and more restrictive quarters[,] does not implicate a liberty interest protected by the Due Process Clause" Id. Thus, the Court did not err by not addressing the denial of Plaintiff's request for release from the MCU because Plaintiff's placement there is, as a matter of law, not a violation of his Due Process rights.

In further support of the Court's ruling, Plaintiff alleged that his placement was the result of a process whereby he was represented by counsel and had an opportunity to present a defense. Further, Plaintiff alleged that he received a review of his MCU placement by the MCU Review Committee, who recommended his placement continue. Finally, Plaintiff alleged he appealed that ruling to the Defendant, who upheld the decision. Therefore, based on Plaintiff's allegations and the applicable law, Plaintiff's confinement of four years at the MCU does not implicate a liberty interest under the Due Process clause. That said, the Court must note that at some point Plaintiff's continued housing at the MCU may implicate such interest, as an inmate may not be housed in the MCU indefinitely without the prospect of release. See Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (finding that "eight years in administrative custody, with no prospect of immediate release in the near future, is 'atypical'" and affected the plaintiff's liberty interest).

IV. <u>Conclusion</u>

For the reasons given above, and for good cause shown,

It is on this 10th day of August 2007,

**ORDERED** that Plaintiff's Motion to Vacate [28] is **DENIED**; and it is further

**ORDERED** that this case shall remain closed.

     s/Anne E. Thompson     
ANNE E. THOMPSON, U.S.D.J.
